IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ERICK SANTIAGO-VELEZ,** | * |
| Petitioner, | * |
| | * |
| | * |
| v. | * |
| | * **CIVIL NO. 14-1176(DRD)** |
| | * **RELATED CRIM. 11-345(DRD)** |
| **UNITED STATES OF AMERICA,** | * |
| Respondent. | * |
| _____ | * |

### OPINION & ORDER

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. The Government's Response (D.E. 3).   Petitioner's Reply in Opposition to the United States' Response (D.E. 4). After careful consideration of the documents filed, the Court Denies the Habeas request.

## I. BACKGROUND

On September 8, 2011, Petitioner Erick Santiago-Velez (hereinafter "Santiago-Velez" or "Petitioner") was charged with thirty eight (38) other co defendants in a six (6) count Indictment (Crm.No. 11-345, D.E. 3). Santiago-Velez was defendant number three (3) and was a leader and organizer for a drug trafficking organization operating out of the Jardines de Ceiba Public Housing Project located in Ceiba; as well as other areas of Puerto Rico (C.D.E. 3).[2]   Petitioner was charged in all six (6) counts.

Count One (1) of the Indictment charged the defendants with conspiring to possess with intent to distribute controlled substances within 1,000 feet of a protected location, in violation of Title 21, United States Code, Section 841(a)(1), 846 and 860 (C.D.E. 3, pp.4-15).   Count Two (2) of the Indictment charged the defendants with aiding and abetting in the possession with intent to distribute heroin within 1,000 feet of a

---

[1]D.E. is an abbreviation of docket entry number.

[2]C.D.E. is an abbreviation for criminal docket entry number.

protected location, in violation of Title 21, United States Code, Section 841(a)(1) and 860 and Title 18, United States Code, Section 2, (C.D.E. 3, pp. 15-17).   Count Three (3) of the Indictment charged the defendants with aiding and abetting in the possession with intent to distribute cocaine base within 1,000 feet of a protected location in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2 (C.D.E.3, pp.17-19).   Count Four (4) of the Indictment charged the defendants with aiding and abetting in the possession with intent to distribute cocaine within 1,000 feet of a protected location, in violation of Title 21, United States Code, Section 841 (a)(1) and 860 and Title 18, United States Code, Section 2 (C.D.E. 3, pp.19-21).   Count Five (5) of the Indictment charged the defendants with aiding and abetting in the possession with intent to distribute a mixture or substance containing a detectable amount of marijuana within 1,000 feet of a protected location in violation of Title 21, United States Code, Section 841 (a)(1) and 860 and Title 18, United States Code, Section 2, (C.D.E. 3, pp. 21-23).   Count Six (6) of the Indictment charged the defendants with conspiring to possess firearms in furtherance of drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c)(1) and 924(o), (C.D. E. 3, pp.23-24).   Hence defendant was charged with a conspiracy to distribute drugs (Count One) and four (4) substantive charges as to distributing cocaine, cocaine base and marihuana (Counts Two through Four), as well as conspiracy to possess firearms (Count Five).

On July 3, 2013, Petitioner plead guilty to Count One (1) of the Indictment pursuant to a Plea Agreement entered into with the United States under the provisions of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, (C.D.E. 1017 and 1019).

Pursuant to the terms of the Plea Agreement, Santiago-Velez had a base offense level of thirty two (32), pursuant to U.S.S.G. Sec. 2D1.1(4).   In addition, a two (2) level upward adjustment for possession of a dangerous weapon, pursuant to U.S.S.G. Sec. 2D1.1(b)(1); and   a two (2) level increase for Petitioner's leadership role in the offense pursuant to U.S.S.G. Sec. 3B1.1(c) all of which were stipulated by the parties, (C.D.E. 1017, p.5).   The parties further agreed to a three (3) level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a) and (b), (C.D.E. 1017, p.5).   There was no stipulation as to Petitioner's criminal history category, however the parties agreed to recommend a term of imprisonment between one

hundred and eighty (180) and two Hundred thirty five (235) months, and recommend that the sentence imposed be concurrent with the sentence imposed upon Santiago-Velez in Criminal Case 11-109(JAF), (C.D.E.1017, p.5).

On August 16, 2013, Petitioner's Sentencing Hearing was held.   Santiago-Velez was sentenced to a term of imprisonment of one hundred and ninety four (194) months to be served concurrently with the sentence imposed in Criminal Case 11-109(JAF), a Supervised Release term of ten (10) years as well as a Special Monetary Assessment of $100.00 was also imposed, (C.D.E. 1078).   Judgment was entered on August 19, 2013, (C.D.E. 1081).

Santiago-Velez did not appeal his conviction and sentence therefore pursuant to Rule 4(b)(1)(A)(i)of the Federal Rules of Appellate Procedure, the same became final fourteen (14) days after entry of Judgment, that is September 2, 2013.

On February 21, 2014, Petitioner placed in the prison mailing system his signed Petition for Relief Pursuant to Section 2255, (D.E. 1).   The same was filed in a timely fashion within the one (1) year period of statute of limitations as established in the Antiterrorism and Effective Death Penalty Act of 1996.

For reasons set forth in this opinion the Court finds Santiago-Velez' petition meritless and hereby **DENIES** Petitioner's motion.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

In his 2255 petition Santiago-Velez raised the following arguments:

(I) Ineffective assistance of counsel for failure to:

    a. challenge the multiplicitous counts of the Indictment.

(ii) Prosecutor incurred in misconduct by deceitfully submitting a multiplicitous indictment.

(iii) Petitioner was the victim of a multiplicitous indictment in violation of the Fifth Amendment protection against double jeopardy. (D.E. 1).

In a nutshell all three of Petitioner's allegations revolve around the mistaken claim that by charging him with both a conspiracy count as well as separate substantive counts of drug trafficking in the Indictment,

he was therefore exposed to a multiplicious Indictment.    Santiago-Velez' allegation fails both under the well-settled law in this Circuit and established Supreme Court precedent.

**B. 28 U.S.C. Sec. 2255 standards and exhaustion requirements**

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1.    the sentence was imposed in violation of the Constitution or laws of the United States...

2.    the court was without jurisdiction to impose the sentence

3.    The sentence was in excess of the maximum authorized by law   or...

4.    The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing should the motion and files and records of the case show conclusively that the movant is not entitled to relief.

It is well settled law that a section 2255 motion is not a substitute for an appeal.   Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. Bucci v. United States, 662 F.3d 18 (1st Cir. 2011), Smullen v. United States, 94 F.3d. 20 (1st Cir.1996).United States v. Essig, 10 F.3d 968 (3d Cir 1993).   If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice" Murray v. Carrier, 477 U.S. 478, 496 (1986).   The exception to this dogma of the exhaustion requirement is of course the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**C.    Claim of Ineffective Assistance of Counsel**

"In all criminal prosecutions, the accused shall enjoy the right to...the assistance of counsel for his defense." U.S. Constitution, Amend.6.   The right to counsel is the "right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759,771 (1970), Powell v. Alabama, 287 U.S. 45,57 (1932).

To establish ineffective assistance of counsel, a petitioner must show that:

1.    His attorney's performance was deficient, and

2.    The deficient performance prejudice his defense. <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687 (1984).

The petitioner bears the burden of proof for both elements  of the test. *See* <u>Campuzano</u> v. <u>United States</u>, 976 F. Supp.2d 89 (D.P.R. 2013), <u>Yeboah-Sefah v. Ficco</u>, 556 F.3d 53 (1st Cir.2009), <u>Cirilo-Muñoz</u> v. <u>United States</u>, 404 F.3d 527,530 (1st Cir.2005) (citing <u>Scarpa</u> v. <u>Dubois</u>, 38 F.3d. 1, 8-9 (1st Cir.1994)).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." <u>Strickland</u> 466 U.S. at 688. Under <u>Strickland</u> counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" <u>Strickland</u>, 466 U.S. at 689.   To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   <u>Strickland</u>, 466 U.S. at 694.   However, this assessment "must be a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'" <u>Moreno-Espada</u> v. <u>United States</u>, 666 F.3d 60, 64 (1st Cir.2012) quoting <u>Scarpa</u> v. <u>Dubois</u>, 38 F.3d 1, 8 (1st Cir.1994); *see also* <u>Powell</u> v. <u>Tompkins</u>, 926 F. Supp2d 367 (D.Mass. 2013), <u>United States</u> v. <u>Damien Gouse</u>, 2016 WL 3636996 (D.R.I. 2016).

A claim of ineffective assistance of counsel "requires a court to first assess whether "counsel's representation 'fell below an objective standard of reasonableness.'" <u>Padilla</u> v. <u>Kentucky</u> , 130 S.Ct. 1473, 1482 (2010).   It is pellucidly clear that Petitioner was obligated to show both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it, <u>Strickland</u>, 466 U.S. at 687. *See also* <u>Lopez-Nieves</u> v. <u>United States</u>, 917 F.2d 645, 648 (1st Cir. 1990).   He must comply with the required standard "reasonableness and prejudice" as to each particular instance he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or

should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1ˢᵗ Cir. 1992).   The "range of reasonable professional assistance" is quite wide.   *See* Strickland, 466 U.S. at 689.   Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential."   *See* Strickland, 466 U.S. at 689.

Under Strickland Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Furthermore, "a defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Moreno-Espada v. United States, 666 F.3d 60,64 (1ˢᵗ Cir. 2012) (quoting v. Caparotta, 676 Tevlin v. Spencer, 621 F.3d 59,66 (1ˢᵗ Cir.2010), United States F.3d 213 (1ˢᵗ Cir. 2012). See also: United States v. Carrigan, 724 F.3d 39 (1ˢᵗ Cir. 2013), Baerga-Suarez v. United States, 30 F.Supp.3d 91 (DPR 2014).

Santiago-Velez fails is this endeavor.   Petitioner's allegations are based on an incorrect interpretation of the law.   Therefore, Petitioner is unable to satisfy the first prong of the Strickland test that is: whether "counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky , 130 S.Ct. 1473, 1482 (2010).

## Ineffective Assistance Of Counsel For Failure To Challenge a multiplicitous Indictment

Petitioner's claim is based on a theory that the Indictment with which he was charged, to which he plead guilty to was multiplicitous. Santiago-Velez supports this allegation with a conclusory statement that the substantive drug counts, counts two (2) through five (5)   are charged in the conspiracy count, count one (1), and thus a violation of his Fifth Amendment right.   Santiago-Velez has not provided any further support for said allegation, he can not.

The prohibition against miltiplicitous prosecutions derives from "the Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" United States v. Pires, 642 F.3d 1, 15 (1ˢᵗ Cir. 2011) (quoting Illinois v. Vitale, 447 U.S. 410, 415 (1980)).   A prosecution is multiplicitous when the government charges a defendant twice for what is essentially a single crime. United States v. Chiaradio, 684 F.3d 265, 272 (1ˢᵗ Cir. 2012).

A conspiracy to commit a crime is not the same offense as the substantive crime that would sustain a defense of double jeopardy.   United States v. Lanoue, 137 F.3d 656, 662 (1st Cir.1998) (citing United States v. Felix, 503 U.S. 378, 390-91, 112 S.Ct.1377 (1992)).

To establish a conspiracy conviction, the prosecution must prove that the defendant entered into an agreement to commit the substantive offense, and that the defendant was voluntary participant in the conspiracy.    Members of a conspiracy may be held liable for substantive crimes committed by coconspirators, provided that substantive crimes were committed in furtherance of the conspiracy and while the defendant was a member of the conspiracy.   **No double jeopardy** exists when a defendant is charged under an indictment for both conspiracy and substantive crimes involved in said conspiracy because substantive crime and conspiracy to commit the crime are not the same offense for double jeopardy purposes[3].  United States v. Soto, 799 F.3d 68, (1st Cir.2015), United States v. Gerhard, 615 F.3d 7 (1st Cir.2010), United States v. Fornia-Castillo, 408 F.3d 52 (1st Cir. 2005), United States v. Flores-Rivera, 56 F.3d 319 (1st Cir.1995).

It has long been established that violation of a conspiracy statute and substantive criminal violations, which were the objects of the conspiracy, may be separately charged and, on conviction, may be properly punished by separate sentences, United States v. Reis, 788 F.2d 54, 57 (1st Cir. 1986) (citing Pinkerton v. United States, 328 U.S. 640, 642 (1946)).

Santiago-Velez was sentenced pursuant to his guilty plea to a conspiracy charge only; not as to the substantive charges nor the weapons conspiracy.    The conspiracy offense requires **proof of an agreement** to possess with intent to distribute but the substantive charge is limited to actual substantive conduct as to possession with intent to distribute.    The substantive offenses are distinctive from the conspiracy charge. United States v. Soto, 799 F.3d 68, (1st Cir.2015), United States v. Gerhard, 615 F.3d 7 (1st Cir.2010), United States v. Fornia-Castillo, 408 F.3d 52 (1st Cir. 2005), United States v. Flores-Rivera, 56 F.3d 319 (1st Cir.1995).   Petitioner's Double jeopardy rights were not violated by the charged Indictment and as such he

---

[3]The defendant is not only wrong in the law but even if he had plead to a conspiracy count and a substantive count, which he did not, his habeas petition must be rejected.

cannot claim his counsel was ineffective for failure to raise what would amount to be a frivolous argument. Defendant only accepted a two (2) point enhancement as to the weapon but not any substantive charge or conspiracy charge as to the weapons under Title 18, <u>United States Code</u>, Section 924(C)(1)(a)(iii), involving a sentence of five years to life, nor under section (B) of said law relating to a potential automatic weapon warranting a minimum 30 year sentence. He only accepted a two (2) point enhancement as to leadership under guideline section 3B1.1(a), which is the lowest end of the lowest of all supervisory or managerial acceptances under guideline section 3B1.1 (a) and (b) . All remaining counts were dismissed with prejudice.

In light of the fact that Santiago-Velez is unable to sustain a valid claim of double jeopardy his two additional claim raised as part of his 2255 Petition are also meritless since they hinge on the same argument of multiplicitous of the Indictment.

Petitioner's claims are simply contrary to law and are therefore **DENIED**.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ERICK SANTIAGO-VELEZ**, is not entitled to federal habeas relief on the claim presented.   Accordingly, it is ordered that Petitioner **ERICK SANTIAGO-VELEZ'** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE**.

## IV. CERTIFICATE OF APPEALABILTY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st of March, 2017.

/s/ **DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**UNITED STATES DISTRICT JUDGE**